```
UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
```

SISTER LASHON HARPER and CHILDREN,

        Plaintiffs,                      MEMORANDUM
                                                  AND ORDER
                                                  12-CV-2600 (JG)

    -against-

NEW YORK CITY BOARD OF
EDUCATION ET AL; NEW YORK CITY
POLICE DEPARTMENT ET AL; NEW YORK
CHILDREN AND FAMILY SERVICES;
NEW YORK CITY HOUSING AUTHORITY;
SAINT CHRISTOPHER OTTIE INC.;
SCO FAMILY SERVICES INC. ET AL;
QUEENS FAMILY COURT; BROOME
COUNTY BUS TRANSIT; NEW YORK
STATE TROOPERS; MCDONALDS ET AL;
CITY OF NEW YORK,

        Defendants.
----------------------------------------------------------------------x
JOHN GLEESON, United States District Judge:

        Plaintiff Sister Lashon Harper, brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging civil rights violations against numerous defendants. For purposes of this order, I grant plaintiff's request (ECF No. 2) to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's application for appointment of counsel (ECF No. 3) is denied without prejudice to renewal as the case proceeds. For the reasons discussed below, plaintiff is granted thirty (30) days' leave to amend her complaint as set forth below.

## STANDARD OF REVIEW

        *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

*Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008); *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## BACKGROUND

Plaintiff's 310-page complaint is a rambling narrative. The complaint discusses, *inter alia*, issues regarding her loss of custody of her children in 2006 and an allegedly false arrest of the plaintiff in 2005. Plaintiff raised many of these same claims in a prior action she filed in this court on April 18, 2011. *See Harper v. Comptroller*, No. 11-CV-1972 (JG) (E.D.N.Y.) ("Prior Action"). In that case, I dismissed plaintiff's false arrest claims and her claims against the Administration for Children's Services ("ACS") and granted plaintiff thirty (30) days' leave to amend her complaint. Plaintiff was cautioned that her complaint was lengthy and extremely difficult to follow and that her amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure by providing a short, plain statement of her claim against each defendant. On November 28, 2011, plaintiff filed a 246-page, 1051-paragraph amended complaint in the Prior Action. Plaintiff's amended complaint, like her original complaint, was

rambling and incomprehensible. On December 8, 2011, plaintiff filed an 87-page letter in support of her amended complaint that was similarly challenging to follow. Thereafter, by Order dated December 14, 2011, I dismissed plaintiff's amended complaint without prejudice, finding that there was simply no way that any defendant would be able to discern plaintiff's allegations and meaningfully respond.

As in plaintiff's Prior Action, no defendant would be able to meaningfully respond to the allegations in the instant complaint. In addition, many of the claims appear to be barred by *res judicata*, as well as being time-barred. Although I am skeptical that plaintiff can produce an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure, in an abundance of caution, I grant her thirty (30) days' leave to try to do so. *See generally Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000) (holding that district court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim" (internal quotation omitted)).

Plaintiff is again advised that pursuant to Rule 8 of the Federal Rules of Civil Procedure, she must provide a short, plain statement of her claim against each named defendant so that each defendant has adequate notice of the plaintiff's claims. *Iqbal*, 556 U.S. at 678-79 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555 (holding that Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original));

*Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]").

Plaintiff also indicates in the caption of her complaint that she is bringing this action on behalf of her "children." She may not do so. Non-attorney parents may not bring claims on behalf of minor children without representation by counsel. *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 201 (2d Cir. 2002); *see also Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) (holding that the court has a duty to enforce this rule *sua sponte*), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). This rule is designed to protect the legal interests of minor children by ensuring they receive adequate representation. *Murphy*, 297 F.3d at 201; *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.").

## CONCLUSION

Accordingly, plaintiff is granted thirty (30) days' leave to file an amended complaint. Plaintiff's application for appointment of counsel (ECF No. 3) is denied without prejudice. Plaintiff is cautioned that her amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and provide a short, plain statement of her claim against each defendant, including all relevant dates. Unless plaintiff retains counsel, her amended complaint shall name only herself as the plaintiff. Plaintiff's amended complaint must be submitted to the

court within thirty (30) days from the date of this Order, be captioned as an "Amended Complaint" and bear the same docket number as this Order. Plaintiff is advised that any amended complaint she files will completely replace the original complaint. All further proceedings shall be stayed for thirty (30) days to allow plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
      June 15, 2012

5