UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

SISTER LASHON HARPER,

                      Plaintiff,

- versus -

NEW YORK CITY BOARD OF
EDUCATION ET AL; NEW YORK CITY
POLICE DEPARTMENT ET AL; NEW YORK
CHILDREN AND FAMILY SERVICES;
NEW YORK CITY HOUSING AUTHORITY;
SCO FAMILY SERVICES INC. ET AL;
QUEENS FAMILY COURT; BROOME
COUNTY BUS TRANSIT; NEW YORK
STATE TROOPERS; MCDONALDS ET AL;
CITY OF NEW YORK; CHILD PROTECTIVE
SERVICES ET AL[1],

                      Defendants.

ORDER AND CIVIL JUDGMENT  
12-CV-2600 (JG)

JOHN GLEESON, United States District Judge:

        On May 17, 2012, plaintiff Sister Lashon Harper filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging civil rights violations against numerous defendants. By order dated June 15, 2012, I granted Harper's request, ECF No. 2, to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and gave her thirty (30) days' leave to amend her complaint. ECF No. 5. By order dated July 26, 2012, I granted Harper's July 4, 2012 request, ECF No. 6, for an extension of time to file her amended complaint and directed her to file her complaint on or before September 12, 2012. On September 12, 2012, plaintiff filed a 506-page amended complaint. For

---

[1] The caption for the order dated June 15, 2012 included Sister Lashon Harper's "children" as plaintiff. As that order explained, Harper is not permitted to bring an action on behalf of her children. Harper amended her complaint accordingly. Harper's amended complaint also dropped "SCO Family Services Inc. et al." as a defendant and added "Child Protective Services et al." as a defendant. The caption for this order reflects these changes.

1

the reasons discussed below, I dismiss the complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

## STANDARD OF REVIEW

Fed.R.Civ.P. 8(a) provides that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." As the Second Circuit has explained:

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1281 at 365 (1969)). When a complaint does not comply with Rule 8, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial. *See id*.

District courts are required to read *pro se* complaints liberally; "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court must therefore interpret the complaint "to raise the strongest arguments that it suggests." *Chavis v. Chappuis*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)) (internal quotation marks omitted). Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch*

*Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## DISCUSSION

In the June 15, 2012 order, I cautioned Harper that her 310-page complaint was lengthy and extremely difficult to follow. I further reminded her that her amended complaint must comply with Fed.R.Civ.P. 8(a) by providing a short, plain statement of her claim against each defendant. *Harper v. New York City Board of Education*, 12-CV-2600, 2012 WL 2201068, at *1-2 (E.D.N.Y. June 15, 2012).

Harper's amended complaint, like her original complaint, is rambling and nonsensical. Rather than remedy the deficiencies of her original complaint, Harper has submitted an even lengthier and more confusingly drafted complaint. It remains unclear what her cause of action is against each named defendant. A defendant would be unable, on the basis of this complaint, to discern Harper's allegations and meaningfully respond.

Based on Harper's prior litigation history[1] and her amended complaint in the instant action, I am not confident that granting Harper another opportunity to amend her complaint would produce a pleading compliant with Fed.R.Civ.P. 8(a).

## CONCLUSION

Accordingly, it is ORDERED that this action is hereby dismissed without prejudice pursuant to Fed.R.Civ.P. 8. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for

---

[1] *See Harper v. Comptroller*, 11-CV-1972.

3

the purpose of any appeal.  *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
       November 20, 2012

4